IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>       )<br>             Plaintiff, )<br>       )<br>       v.       )<br>       )<br>DAVID LAWRENCE and )<br>THOMAS SMOLLINS, )<br>       )<br>             Defendants. ) | Criminal Action No. 93-42 |

**INFORMATION**

The United States Attorney for the District of Delaware charges that:

**INTRODUCTION**

At all times material to this Information:

1. Allied Programs Corp., Inc. (Allied) was a New York corporation operating in New York as a wholesale insurance broker. Defendant David Lawrence was its President and sole shareholder. Defendant Thomas Smollins was Allied's Vice President.

2. Insurance Brokers of North America (IBNA) was a New York corporation, formed in 1989 by Allied to operate in New York as a retail insurance broker. David Lawrence was IBNA's sole shareholder.

3. American Affiliation of Real Property Owners (AARPO) was a Connecticut corporation, formed in 1989 to provide off-site management for large properties such as shopping malls and apartment complexes.

## COUNT I

4. From on or about May 1, 1990, and continuing thereafter, up to and including April 30, 1991, in the Judicial District of Delaware and elsewhere, David Lawrence and Thomas Smollins, the defendants, knowingly did conspire with each other to defraud the United States by impeding, impairing, obstructing, and defeating the lawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of revenue, that is, income taxes, as more fully set forth in paragraphs 5 through 9 of this Information, incorporated by reference herein, all in violation of Title 18, United States Code, Section 371.

### THE MANNER AND MEANS BY WHICH THE CONSPIRACY WAS EXECUTED

The manner and means by which the conspiracy was sought to be accomplished included the following:

5. In an effort to divert Allied and IBNA corporate receipts for their own use, David Lawrence and Thomas Smollins participated in two schemes, set forth in paragraphs 6 and 7, that resulted in the diversion and concealment of corporate receipts for Allied and IBNA.

### AARPO Service Fees Checks

6. In 1990 and 1991, Allied brokered insurance coverage for properties managed by AARPO. In addition to a management fee, AARPO charged its insured properties "service fees" totaling approximately $600,000.00. AARPO split those service fees with Allied by giving it eleven checks, between May 25, 1990, and January 15, 1991, in the total amount of $298,525.00. David

2

Lawrence was able to divert those Allied corporate receipts by directing that AARPO write the checks payable to IBNA. Thomas Smollins then caused these eleven checks to be delivered to Nicholas Papantinas.

### Insured Premium/Service Fees Checks

7. In 1990 and 1991, Allied and IBNA brokered insurance coverage for properties which agreed to enter into management agreements with AARPO. In addition to a commission on the insurance premium, Allied and IBNA charged the insured properties "service fees." On a periodic basis Allied and IBNA received checks from the insureds made in payment for insurance premiums and service fees. The defendants were able to divert Allied corporate receipts by directing that the insureds write the premium/service fee checks payable to IBNA. The defendants then caused to be delivered to Nicholas Papantinas forty-four insurance premium/service fee checks payable to IBNA in the total amount of $648,895.00.

### Diversion of Corporate Assets

8. To divert Allied and IBNA corporate receipts to their own use, the defendants caused Nicholas Papantinas to open bank accounts in Delaware and elsewhere under the name of Insurance Brokers of North America and to then deposit the above-referenced fifty-five checks made payable to IBNA in the total amount of $947,420.00. Nicholas Papantinas was further instructed to deliver the proceeds of those IBNA checks to the defendants, who intended that these monies would not be claimed as income by either Allied or IBNA.

3

## OVERT ACTS

9. In furtherance of the conspiracy and to affect the objects thereof, from on or about May 25, 1990, and continuing up to and including April 30, 1991, the defendants committed or caused to be committed the following overt acts:

    a. On five separate occasions, occurring from June 8, 1990, through February 28, 1991, Thomas Smollins mailed to Nicholas Papantinas in the District of Delaware insurance premium/service fee checks payable to IBNA.

    b. On five separate occasions between May 25, 1990, and November 8, 1990, in the District of Delaware, Nicholas Papantinas opened bank accounts in the name of Insurance Brokers of North America and deposited into those accounts checks payable to Insurance Brokers of North America.

    c. From May 25, 1990, through December 4, 1990, in the District of Delaware, Nicholas Papantinas did wire transfer funds from Delaware bank accounts in the name of IBNA to New York bank accounts.

    d. From on or about May 25, 1990, through April 30, 1991, David Lawrence and Thomas Smollins received cash delivered by Nicholas Papantinas and others.

## COUNT II

From on or about May 25, 1990, through on or about April 30, 1991, in the Judicial District of Delaware and the Southern District of New York, Thomas Smollins, the defendant, with the purpose of evading the reporting requirements of Title 31, United

States Code, Section 5313(a) with respect to a transaction, that is, the cash withdrawal of $947,420.00 with no less than one hundred twenty-three structured cash withdrawals ranging from $1,000.00 to $9,800.00, did cause and attempt to cause the Second National Bank, the Wilmington Trust Company, the Lincoln Savings Bank, the Atlantic Bank, and the Chemical Bank, all domestic financial institutions, to fail to file a report required under the aforementioned Section 5313(a), and to file reports which contained the misstatement that Nicholas Papantinas was an IBNA broker, in violation of Title 31, United States Code, Sections 5324(1),(2) and (3) and 5322.

WILLIAM C. CARPENTER, JR.
United States Attorney

BY: _____
Edmond Falgowski
Assistant United States Attorney

Dated: 7·14·93

5